UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| DAWN CAREY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. _____ |
| | ) | |
| AB CAR RENTAL SERVICES, INC.; | ) | |
| AVIS BUDGET CAR RENTAL, LLC; and | ) | |
| AVIS BUDGET GROUP, INC. | ) | |
| | ) | |
| Defendants. | ) | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1332, 1441, and 1446, Defendants AB Car Rental Services, Inc., Avis Budget Car Rental, LLC, and Avis Budget Group, Inc. ("Defendants") hereby notice the removal of this action from the Superior Court of the State of Maine for Penobscot County (the "State Court") to the United States District Court for the District of Maine.  In support of this Notice of Removal, Defendants state as follows:

## STATE COURT ACTION

On or about March 12, 2020, Dawn Carey ("Plaintiff") commenced an action in the State Court, captioned Dawn Carey v. AB Car Rental Services, Inc., et al., Civil Action No. BANSC-CV-2020-12 (the "State Court Action").  The State Court Action is now pending in that court.

On or about March 12, 2020, Plaintiff sent a copy of the Complaint to counsel for Defendants.  Defendants accepted service of the Complaint by the execution of the Acknowledgment of Receipt of Summons & Complaint on March 30, 2020.  Attached as **Exhibit A** is a copy of the Summons, Complaint, and Acknowledgment of Receipt of Summons & Complaint in the State Court Action.  The document attached as **Exhibit A** constitutes "all process, pleadings, and orders" in the State Court Action, pursuant to 28 U.S.C. § 1446(a).  A

certified copy of the State Court record has been requested and will be filed with this Court upon receipt.

## TIMELINESS OF REMOVAL

This Notice of Removal is timely filed within thirty (30) days after Defendants were served with the Complaint in the State Court Action, as required by 28 U.S.C. § 1446(b)(1).  See 28 U.S.C. § 1446(b); Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344 (1999); Boyd v. Phoenix Funding Corp., 366 F.3d 524, 529-530 (7th Cir. 2004).

This Notice of Removal is also filed within one year of the commencement of the State Court Action and is therefore timely under 28 U.S.C. § 1446(c)(1).

## GROUNDS FOR NOTICE OF REMOVAL

### I.    Federal Question Jurisdiction

To establish federal question jurisdiction for removal purposes, an action must be "arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  The United States District Court for the District of Maine has original jurisdiction over this action because Plaintiff alleges violations of federal law.  28 U.S.C. § 1331; Grable & Sons Metal Prods., Inc. v. Dante Eng'g & Mfg., 545 U.S. 308, 312 (2005).  Accordingly, the Complaint is properly removed pursuant to 28 U.S.C. §§ 1441 and 1446.

Here, Count II of the Complaint alleges age discrimination in violation of the Age Discrimination in Employment Act ("ADEA") (29 U.S.C. §§ 621-634) and Count III of the Complaint alleges discrimination on the basis of association with a person with a disability in violation of the Americans with Disabilities Act ("ADA") (42 U.S.C. §§ 12101-12213).  These claims clearly arise under the laws of the United States.  See 28 U.S.C. § 1331.  Because

Plaintiff's Complaint references and articulates claims under two statutes that invoke federal jurisdiction, removal on the basis of federal question is proper.

Additionally, federal courts may exercise supplemental jurisdiction over state law claims if they "form part of the same case or controversy" as claims that are properly within the jurisdiction of the federal court.   See 28 U.S.C. § 1367(a).   Supplemental jurisdiction over Plaintiff's state law claim is proper because Plaintiff's claim of discrimination based on age and association with a person with a disability in violation of the Maine Human Rights Act (5 M.R.S. § 4572(1)(A)) is related to Plaintiff's federal law claims as they are part of the same case or controversy under Article III of the United States Constitution and because no novel or complex issue of state law predominates.   See 28 U.S.C. §§ 1367 and 1441 (c).   Accordingly, removal of this case to this Court on the basis of federal jurisdiction is proper.

## II.     Diversity Jurisdiction

As an additional basis of federal jurisdiction, 28 U.S.C. § 1332(1) provides, in relevant part, that:

> The district court shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between –
>
> (1) citizens of different States[.]

This action is a civil action over which the Court has original jurisdiction based on diversity of citizenship because it is a civil action between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interests and costs, as set forth below.

### A.     Diversity of Citizenship

According to the Complaint, Plaintiff is a citizen of the State of Maine.   See **Exhibit A**, Complaint at ¶ 1.

For diversity jurisdiction purposes, a corporation is deemed a citizen of its State of incorporation and the State where it has its principal place of business.  See 28 U.S.C. § 1332(c)(1).  As clarified by the United States Supreme Court, "the phrase 'principal place of business' [in Section 1332(c)(1)] refers to the place where the corporation's high level officers direct, control, and coordinate the corporation's activities.  Lower federal courts have often metaphorically called that place the corporation's 'nerve center.'  We believe that the 'nerve center' will typically be found at a corporation's headquarters."  Hertz Corp. v. Friend, 559 U.S. 77, 80-81 (2010) (citations omitted).

Furthermore, an unincorporated association, such as a limited liability company, has no independent legal status, such that every member must be considered as a party for purposes of determining diversity.  See Carden v. Arkoma Assocs., 494 U.S. 185, 189, 195-96 (1990) (involving a limited partnership).  Under this established doctrine, the citizenship of a limited liability company "is determined by the citizenship of all of its members."  Pramco, LLC ex rel. CFSC Consortium, LLC v. San Juan Bay Marina, Inc., 435 F.3d 51, 54 (1st Cir. 2006) (citing Carden, 494 U.S. at 195-96).

Defendant AB Car Rental Services, Inc. is incorporated under the laws of the state of Delaware, with a principle place of business in Parsippany, New Jersey.  See **Exhibit A**, Complaint at ¶ 2.  Moreover, a majority of AB Car Rental Services, Inc.'s executive and administrative functions are located in the State of New Jersey.

Defendant Avis Budget Car Rental, LLC is a limited liability company.  The sole member of Avis Budget Car Rental, LLC is Avis Budget Holdings, LLC ("ABH"); the sole member of ABH is Cendant Finance Holding Company, LLC ("CFHC"); and the sole member

of CFHC is Defendant Avis Budget Group, Inc.  Accordingly, Avis Budget Car Rental, LLC is a citizen of every state where Avis Budget Group, Inc. is a citizen.

Defendant Avis Budget Group, Inc. is incorporated under the laws of the state of Delaware, with a principle place of business in Parsippany, New Jersey.  See **Exhibit A**, Complaint, at ¶ 4.  Moreover, a majority of Avis Budget Group, Inc.'s executive and administrative functions are located in the State of New Jersey.

Thus, Defendants are each citizens of the States of Delaware and New Jersey for purposes of determining diversity of citizenship, and the parties are completely diverse. Diversity of citizenship existed between the parties at the time Plaintiff's Complaint was filed, and continues to exist at the time this Notice of Removal is being filed.

B.     Amount in Controversy

Although Plaintiffs Complaint does not specify the precise amount of damages sought, it is more likely than not that the amount in controversy in this case exceeds $75,000.00, exclusive of interest and costs.  "In assessing the amount in controversy, the Court considers the litigation value of the case, an amount arrived at by drawing all reasonable inferences in favor of Plaintiff's complaint."  Finley v. George Weston Bakeries Distribution, Inc., 473 F. Supp. 2d 105, 106 (D. Me. 2007).  In her Complaint, Plaintiff is seeking compensatory damages related to a full-time Rental Sales Associate position to which she claims she was entitled, dating back at least to her resignation from part-time employment on April 11, 2018, including damages for lost wages, lost employment benefits, loss of enjoyment of life, lost career opportunities, medical expenses, emotional distress, and injury to career and reputation.  See **Exhibit A**, Complaint, at ¶¶ 26-39.  She also seeks statutory attorneys' fees and costs, which the Court may properly consider in estimating whether the amount in controversy on her claim will be over the

jurisdictional threshold, should she ultimately prevail. See Spielman v. Genzyme Corp., 251 F.3d 1, 6 (1st Cir. 2001) (attorneys' fees may be included in the amount in controversy determination where, as here, "a statute mandates or allows payment of the fees"). As a result, it is more likely than not that the amount in controversy in this case exceeds $75,000.00, exclusive of interests and costs. Accordingly, this Court has jurisdiction over the pending action pursuant to 28 U.S.C. § 1332(a).

## VENUE

The United States District Court for the District of Maine is the District Court of the United States within which the State Court Action is currently pending, and therefore venue is proper under 28 U.S.C. §§ 1441(a) & 1446(a).

## NOTICE TO ADVERSE PARTIES AND STATE COURT

Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being submitted for filing with the Clerk of the Superior Court of the State of Maine for Penobscot County.

Pursuant to 28 U.S.C. § 1446(d), upon filing of this Notice of Removal Defendants gave written notice thereof to Plaintiff's counsel, John P. Gause, Esq., of Eastern Maine Law, LLC, 77 Exchange Street, Suite 300, Bangor, ME 04401.

## RESERVATION OF RIGHTS

By filing the Notice of Removal, Defendants do not waive any objections they may have as to service, jurisdiction, or venue, or any other defenses available to them at law, in equity or otherwise. Defendants intend no admission of fact or law by this Notice and expressly reserve all defenses and motions.

If the Court should be inclined to remand this action, Defendants request that the Court issue an Order to Show Cause why the case should not be remanded, providing Defendants an

opportunity to present briefing and argument prior to any possible review.  Because a remand order is not subject to appellate review, such a procedure is appropriate.

As required by 28 U.S.C. § 1446(a), this Notice of Removal is signed under Rule 11 of the Federal Rules of Civil Procedure.

## RELIEF REQUESTED

Defendants request that the United States District Court for the District of Maine assume jurisdiction over the above-captioned action and issue such further orders and processes as may be necessary to bring before it all parties necessary for the trial of this action.

WHEREFORE, Defendants respectfully request that this action proceed as an action properly removed from the Superior Court of the State of Maine for Penobscot County, to the United States District Court for the District of Maine.


Dated:  March 30, 2020                                    Respectfully submitted,


                                                          */s/ Melinda J. Caterine*
                                                          Melinda J. Caterine (Bar No. 007129)
                                                          LITTLER MENDELSON, P.C.
                                                          One Monument Square, Suite 600
                                                          Portland, ME 04101
                                                          Phone:  207.774.6001
                                                          mcaterine@littler.com

                                                          *Attorney for Defendants AB Car Rental*
                                                          *Services, Inc., Avis Budget Car Rental, LLC,*
                                                          *and Avis Budget Group, Inc.*

7

## CERTIFICATE OF SERVICE

I, Melinda J. Caterine, hereby certify that I electronically filed the foregoing document using the CM/ECF system on the date noted below, which will send notification of such filing to the following:

> John P. Gause, Esq.
> Eastern Maine Law, LLC
> 77 Exchange Street, Suite 300
> Bangor, ME 04401
> jgause@easternmainelaw.com

Dated:  March 30, 2020

/s/ Melinda J. Caterine
Melinda J. Caterine (Bar No. 007129)
LITTLER MENDELSON, P.C.
One Monument Square, Suite 600
Portland, ME 04101
Phone:  207.774.6001
mcaterine@littler.com

*Attorney for Defendants AB Car Rental Services, Inc., Avis Budget Car Rental, LLC, and Avis Budget Group, Inc.*